UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS MANNING, | |
| Plaintiff, | Civil Action No. 24-8795 (BRM) |
| v. | **MEMORANDUM AND OPINION** |
| MATTHEW J. PLATKIN, | |
| Defendant. | |

**THIS MATTER** is before the Court on *pro se* Petitioner Douglas Manning's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the $5.00 filing fee. This court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Petitioner's § 2241 seeks to challenge the validity of his state court conviction, guilty plea. (*See generally id.*) Petitioner raises claims that (1) he was deprived of his constitutional right to effective assistance of counsel during his guilty plea, (2) the state court provided confusing information regarding his sentence, and (3) the trial court abused its discretion at sentencing. (*Id.* at 6-8.) In his request for relief, Petitioner asks the Court to vacate his sentence. (*Id.* at 8.)

With that background in mind, the Court finds that the Petition is deficient because the Court does not have jurisdiction under § 2241 to hear these claims. "[A] habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). Section 2241, on the

other hand, "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (emphasis added) (internal citation and quotation marks omitted). Here, since Petitioner is not a pretrial detainee, a habeas petition under § 2254 "is the exclusive avenue" for him to challenge "the constitutionality of his detention." *McKnight*, 27 F. Supp. 3d at 587 (emphasis in original) (quoting Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)). Therefore, if Petitioner seeks to challenge the fact or duration of his confinement, he must do so by filing a petition for a writ of habeas corpus under § 2254.[1]

Accordingly,

**IT IS** on this 5th day of November 2024,

**ORDERED** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED without prejudice**; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying opinion upon Petitioner by regular mail and shall **CLOSE** the file.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in *Manning v. Nogan*, No. 23-279. As the Court has provided Petitioner with leave to amend his Petition in that matter (*see Manning*, No. 23-279, ECF No. 23), the Court will not construe this § 2241 Petition as a § 2254 Petition. To the extent Petitioner wishes to pursue the claims raised in the instant § 2241 Petition, he may do so by filing an amended petition in § 2254 case.