UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS MANNING,<br><br>    Petitioner,<br><br>  v.<br><br>MATTHEW J. PLATKIN,<br><br>    Respondent. | Civ. A. No. 24-8795 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is *pro se* Petitioner Douglas Manning's ("Petitioner") Motion to Amend his Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (ECF No. 4.) On August 20, 2024, Petitioner filed his initial Petition. (ECF No. 1.) The Court screened the Petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to determine whether it was "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." (ECF No. 3.)

  On December 5, 2024, the Court dismissed Petitioner's initial Petition, explaining that Petitioner was challenging the validity of his state court conviction, and the Court does not have jurisdiction under § 2241 to hear these claims. (*See id.*) "[A] habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). The Court explained since Petitioner is not a pretrial detainee, a habeas petition under § 2254 "is the exclusive avenue" for him to challenge

"the constitutionality of his detention." (*Id.* at 2, citing *McKnight*, 27 F. Supp. 3d at 587 (quoting Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)).

On December 9, 2024, Petitioner filed his Motion to Amend. (ECF No. 4.) Petitioner appears to argue that he is a pre-trial detainee because he has now been civilly committed to the custody of the State of New Jersey Special Treatment Unit. (*Id.* at 2.) Petitioner, being civil committed, does not render him a pretrial detainee. Petitioner acknowledges that he is seeking the vacation of his sentence. (*Id.*)

For the reasons set forth above, Petitioner is again informed that since he is not a pretrial detainee, a habeas petition under § 2254 "is the exclusive avenue" for him to challenge "the constitutionality of his detention." *McKnight*, 27 F. Supp. 3d at 587. Therefore, Petitioner's Motion to Amend is **DENIED**.

Accordingly,

**IT IS** on this 21st day of March 2025,

**ORDERED** that the Clerk of the Court shall make a new and separate entry marking this matter **RE-OPENED**; it is further

**ORDERED** the Petitioner's Motion to Amend (ECF No. 4) is **DENIED**; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying opinion upon Petitioner by regular mail and shall **CLOSE** the file.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

2